UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASIL PERRY, #261718,

       Plaintiff,

v.

CASE NO. 2:16-CV-10764
HONORABLE NANCY G. EDMUNDS

MONROE CO., JOHN DOE INSUR. CO.,

       Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Basil Perry ("Plaintiff"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, asserts a claim for defamation/slander arising from a newspaper article which called him a "convicted predator" based upon his state court convictions for third-degree criminal sexual conduct and child sexually abusive material or activity. Plaintiff names Monroe County and an unidentified (John Doe) insurance company as the defendants in this action and sues them in their individual and official capacities. He seeks monetary damages.[1] The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1).

---

[1] Plaintiff was convicted of four counts of third-degree criminal sexual conduct (person 13-15) and one count of child sexually abusive material or activity following a jury trial in the Monroe County Circuit Court and was sentenced, as a third habitual offender, to concurrent terms of 10 to 30 years and 10 to 40 years imprisonment on those convictions in 2006. Offender Profile, Michigan Offender Tracking Information System, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=261718.

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Id.*  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting

2

*Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III.  DISCUSSION

#### A.  Defamation/Slander Claims

Plaintiff asserts that his "rights under the Laws according to MCL  § 600.2907 for defamation/slander under civil liability" have been violated by the publication of a newspaper article which identified him as a "convicted predator" based upon his criminal sexual conduct and child sex abuse convictions because he was not convicted of being a predator.  Plaintiff's claims for defamation and/or slander fail because they are state law claims and do not involve the violation of any rights secured by the federal Constitution or the laws of the United States.  *See Paul v. Davis*, 424 U.S. 693, 712-13 (1976) (defamation claim not cognizable under § 1983); *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("Civil Rights Act does not give rise to a cause of action for slander"); *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 775 (M.D. Tenn. 2009).  Plaintiff's claim for defamation or slander, while perhaps actionable under state law, do not state a claim upon which relief may be granted under § 1983.

A federal court has discretion as to whether to entertain pendent jurisdiction over state law claims filed with and arising out of the same facts as a § 1983 action.  *Kitchen v.*

3

*Chippewa Valley Schools*, 825 F.2d 1004 (6th Cir. 1987).  The exercise of pendent jurisdiction over state law claims, however, is generally inappropriate when all federal claims have been dismissed.  See *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012).  Given that Plaintiff fails to state a federal claim in his pleadings, the Court declines to exercise jurisdiction over his state law claim.

### B.  Claims against Monroe County

Plaintiff names Monroe County as a defendant in this action.  Municipalities and local governments may be subject to suit under 42 U.S.C. § 1983.  *Monell v. Department of Social Svs.*, 436 U.S. 658 (1978).  However, a local government may only be sued under § 1983 when the execution of a government policy or custom, for which the government as an entity is responsible, inflicts the injury.  *Id.* at 692.  In other words, for a government entity to be held liable under § 1983, "the entity's policy or custom must be the moving force behind the constitutional deprivation."  *S.H.A.R.K. v. Metro Parks*, 499 F.3d 553, 563 (6th Cir. 2007).  "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  *Monell*, 436 U.S. at 691.

In his pleadings, Plaintiff does not allege any facts which indicate that Monroe County operates unconstitutionally, maintains an unconstitutional policy or custom, or that any of its policies or customs accounted for any alleged improper conduct which caused him injury.  The state courts and their employees are arms of the State of Michigan, not entities operated by the counties.  *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan*, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March

16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); *Brown v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, *2 (E.D. Mich. Dec. 6, 2010). Any actions by the state prosecutor and/or court employees occurred in their service as agents of the State, not Monroe County, such that Monroe County is not liable for any alleged improprieties. *Cady v. Arenac Co.*, 574 F.3d 334, 345 (6th Cir. 2009). Plaintiff also fails to allege any facts which show that Monroe County is responsible for the prosecutor's or the newspaper's conduct. Plaintiff's claims against Monroe County must therefore be dismissed for this additional reason.

### C.  Claims against Insurance Company

Plaintiff also names an unidentified insurance company as a defendant in this action. Plaintiff, however, makes no factual allegations against the insurance company, nor does he provide any facts showing the insurance company's connection to the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to establish liability under § 1983. *Monell*, 436 U.S. at 691. Plaintiff fails to do so. His claims against the insurance company must therefore be dismissed for this additional reason.

5

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings. Accordingly, the Court **DISMISSES WITH PREJUDICE** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] The Court further concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962)

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2016

---

[2]The Court makes no determination as to the merits of any state law defamation or slander claim.